THIS OPINION 
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT 
 IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR. 
THE STATE OF SOUTH 
 CAROLINA
 In The Court of Appeals
 
 
 
 
 The State, Respondent,
 
 
 

v.
 
 
 
 
 Charles Gilbert, Jr., 
 Appellant. 
 
 
 

Appeal 
 From Lexington County
  Marc H. Westbrook, Circuit 
 Court Judge

Unpublished 
 Opinion No.  2004-UP-428
 Heard June 8, 2004  Filed 
 July 9, 2004

AFFIRMED

 
 
 
 
 Acting Deputy Chief Attorney 
 Wanda P. Hagler, Office of Appellate Defense, of Columbia, for Appellant.
 Attorney General Henry Dargan 
 McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant 
 Deputy Attorney General Salley W. Elliott, Assistant 
 Attorney General W. Rutledge Martin, all of Columbia; and Solicitor 
 Donald V. Myers, of Lexington, for Respondent.
 
 
 

PER 
 CURIAM:  Charles Gilbert, Jr. appeals his conviction for trafficking cocaine, 
 arguing the trial court erred in: (1) admitting evidence discovered during the 
 search of his vehicle because the arresting officer did not have probable cause 
 to make the traffic stop; (2) admitting evidence discovered during the search 
 of his vehicle because the traffic stop was the result of impermissible racial 
 profiling; (3) finding the States strike of a black, female juror was proper; 
 (4) refusing to admit into evidence a copy of section 56-5-4450 of the South 
 Carolina Code and refusing to charge the jury on that statute; and (5) refusing 
 to charge the jury with the law concerning the requirement that police have 
 probable cause or reasonable suspicion to stop a vehicle.  We affirm pursuant 
 to Rule 220(b), SCACR, and the authorities that follow.
Probable 
 Cause for Traffic Stop: Whren v. United States, 517 U.S. 806, 810 
 (1996) (explaining that the decision to stop an automobile is reasonable when 
 police have probable cause to believe a traffic violation has occurred); S.C. 
 Code Ann. § 56-5-4840 (Supp. 2003) (prohibiting the use of any device that alters 
 the original design or performance of headlights).
Racial 
 Profiling: Whren, 517 U.S. at 813 (holding that when there are adequate 
 grounds to perform a traffic stop, the officers subjective motivations for 
 making the stop do not cause evidence obtained during the stop to become inadmissible); 
 State v. 192 Coin-Operated Video Game Machs., 338 S.C. 176, 200, 525 
 S.E.2d 872, 885 (2000) (requiring defendants attempting to establish a case 
 for selective prosecution to show: (1) they were singled out for prosecution 
 when others similarly situated were not, and (2) the governments discriminatory 
 selection was based upon an impermissible ground, such as the defendants race, 
 religion, or the exercise of their first amendment right to free speech).
Peremptory 
 Strikes: Purkett v. Elem, 514 U.S. 765 (1995) (requiring the proponent 
 of a peremptory strike to offer a race-neutral explanation for using the strike 
 once the other party challenges the strike); State v. Adams, 322 S.C. 
 114, 470 S.E.2d 366 (1996) (explaining that the opponent of a peremptory strike 
 carries the ultimate burden of persuading the trial court that the other party 
 exercised strikes in a discriminatory manner).
Admitting 
 Statutes into Evidence and Refusing To Charge the Jury on Statutes and Probable 
 Cause: Rule 104(a), SCRE (providing judges, not juries, determine questions 
 concerning the admissibility of evidence).
AFFIRMED.
HEARN, 
 C.J., STILWELL, J. and CURETON, A.J., concur.